IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PEPPER ESCALANTE                                                                                    PLAINTIFF
*On behalf of*
R.Y.E, A MINOR

vs.                              Civil No. 6:10-cv-06084

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Pepper Escalante ("Plaintiff") brings this action on behalf of R.Y.E., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying R.Y.E.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed an SSI application on behalf of R.Y.E. on August 25, 2008. (Tr. 9, 67). Plaintiff alleged R.Y.E. was disabled due to speech and learning problems. (Tr. 67). Plaintiff alleged R.Y.E.'s onset date was August 25, 2008. (Tr. 67). This application was denied initially and again upon reconsideration. (Tr. 29-30). Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on R.Y.E.'s application, and this hearing request was granted. (Tr. 43-59).

An administrative hearing was held on August 5, 2009 in Hot Springs, Arkansas. (Tr. 17-28). Plaintiff was present and was represented by counsel, Don Pullen, at this hearing. *Id.* Only Plaintiff testified at the hearing. *Id.* During that hearing, Plaintiff testified that R.Y.E. was born on March 22, 2005 and was four years old as of the date of the hearing. *Id.*

On September 4, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of R.Y.E. (Tr. 9-16). In this decision, the ALJ determined R.Y.E. had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 15, Finding 1). The ALJ determined R.Y.E. had Attention Deficit Hyperactivity Disorder (ADHD) and a delay in adaptive, gross and fine motor skills. (Tr. 15, Finding 2). The ALJ determined these were severe impairments. *Id.* The ALJ also determined, however, that none of R.Y.E.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. 15, Finding 3).

In assessing whether R.Y.E.'s impairments were functionally equivalent to a Listing, the ALJ assessed six domains of functioning. (Tr. 12-15). Specifically, the ALJ determined R.Y.E. had the following limitations in the six domains of functioning: (1) less than a marked limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than a severe limitation in interacting and relating with others; (4) less than a marked limitation in moving about and manipulating objects; (5) no limitations in caring for oneself; and (6) no limitation in health and physical well-being. (Tr. 12-14). Based upon these findings, the ALJ determined R.Y.E. had not been under a disability, as defined by the Act, at any time through the date of his decision. (Tr. 15, Finding 4).

Thereafter, on September 18, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On October 26, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 15, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 8, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)),

3

which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2008, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the

standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.   Discussion:**

In her appeal brief, Plaintiff alleges R.Y.E. has a marked limitation in at least two domains of functioning or an extreme limitation in at least one domain of functioning such that R.Y.E.'s impairments are functionally equivalent to a Listing. ECF No. 8. In response, Defendant claims the ALJ properly determined R.Y.E.'s impairments were not functionally equivalent to any of the Listings. ECF No. 9. To fully evaluate R.Y.E.'s alleged disability, this Court will separately

5

consider each of the following six domains of functioning: (A) acquiring and using information; (B) attending and completing tasks; (C) interacting and relating with others; (D) moving about and manipulating objects; (E) caring for yourself; and (F) health and physical well-being.

### A.     Acquiring and Using Information

In this domain of functioning, the SSA considers how well a claimant acquires or learns information and how well the claimant uses the information learned.  *See* 20 C.F.R. § 416.926a(g). The ALJ determined R.Y.E. had a less than marked level of limitation in this domain of functioning. (Tr. 13).  Plaintiff contends that R.Y.E.'s records from First Step contradict the ALJ's finding.  ECF No. 8 at 12-14.  Specifically, after testing R.Y.E. when she was three years old, the examiners at First Step found R.Y.E. delayed in some areas of functioning, and they recommended her for preschool special education.  (Tr. 116-121).

However, the mere fact that the First Step examiners recommended R.Y.E. for early childhood special education classes does not establish R.Y.E. has a marked or extreme limitation in this domain of functioning.  Indeed, the ALJ found it was significant that R.Y.E.'s preschool teacher at First Step assessed her as having no serious or very serious limitations in this domain.  (Tr. 12-13, 138).  The only "obvious problem" this teacher found was in "applying problem solving in class discussions." (Tr. 138). However, even with an "obvious problem" in this area, on October 6, 2008, R.Y.E. was still found to be within the low average range of measured intelligence.  (Tr. 146).

Further, the preschool coordinator at First Step reported on June 17, 2009 that R.Y.E. only had a "mild delay" in her "cognitive skills," "excelled" in her "cognitive abilities," and was "a very sweet girl" whom she considered to be "very smart."  (Tr. 199).  Accordingly, based upon this information, this Court finds the ALJ's determination that R.Y.E. had a less than marked limitation

in acquiring and using information is supported by substantial evidence in the record.

### B.      Attending and Completing Tasks

In this domain of functioning, the SSA considers how well the claimant is able to focus and maintain attention and how well the claimant begins, carries through, and finishes activities, including the pace at which the claimant performs activities and the ease with which the activities are changed. *See* 20 C.F.R. § 416.926a(h). The ALJ determined R.Y.E. had no limitation in this domain of functioning. (Tr. 13). Specifically, the ALJ found R.Y.E. was able to pay attention when spoken to directly and sustain attention in play and learning activities. (Tr. 13). The ALJ found R.Y.E. was able to focus long enough to do many things by herself. *Id.*

In her briefing, Plaintiff references two school records in support of her claim that R.Y.E. is limited in this domain of functioning. ECF No. 8 at 15-16. First, Plaintiff relies upon R.Y.E.'s preschool teacher's report stating that R.Y.E. "becomes very distracted during class time." (Tr. 143). This teacher, however, also stated she observed "NO" problems in R.Y.E.'s ability to attend and complete tasks. (Tr. 138). Thus, her findings on this issue are apparently inconsistent. Second, Plaintiff relies upon another statement from this teacher wherein she finds the following: "[R.Y.E.] . . . becomes very distracted during class time when doing center rotations with peers, and does need redirection to stay on task." (Tr. 144). This teacher, however, also noted that R.Y.E. "responds very well to redirection and does not need more than one reminder usually." *Id*. Based upon this information, this Court finds the ALJ's decision that R.Y.E. has no limitation in this domain of functioning is supported by substantial evidence in the record.

### C.      Interacting and Relating with Others

In this domain of functioning, the SSA considers how well the claimant initiates and sustains

emotional connections with others, develops and uses the language of the claimant's community, cooperates with others, complies with the rules, responds to criticism, and respects and takes care of the possessions of others. *See* 20 C.F.R. § 416.926a(i). The ALJ found R.Y.E. had "no severe limitation" in this domain of functioning. (Tr. 13). Presumably, because the ALJ characterized R.Y.E.'s limitation in this domain of functioning as not being severe, the ALJ may have intended to state R.Y.E.'s limitation in this domain is marked. Thus, this Court will evaluate this finding assuming the ALJ found R.Y.E. has a marked limitation in this domain of functioning.

In support of her claim R.Y.E. has greater than a marked limitation in this domain, Plaintiff cites to R.Y.E.'s records from her preschool teacher at First Step. ECF No. 8 at 16-17. In these records, however, R.Y.E.'s preschool teacher found R.Y.E. had "no problem" or only "a slight problem" in this domain of functioning. (Tr. 140). Clearly, such findings do not support Plaintiff's claim that RY.E. has more than a marked limitation in this domain of functioning. Further, R.Y.E.'s preschool director found R.Y.E. was able to participate social games and socialize with peers. (Tr. 199). She stated R.Y.E. "excelled at her communication skills and her social interactions with other peers and adults." *Id.* Thus, this Court finds the ALJ's determination that R.Y.E. has only a marked limitation in this domain of functioning is supported by substantial evidence in the record.

      D.    **Moving About and Manipulating Objects**

In this domain of functioning, the SSA considers how the claimant moves his or her body from one place to another and how the claimant moves and manipulates things through gross and fine motor skills. *See* 20 C.F.R. § 416.926a(j). The ALJ found R.Y.E. had a less than marked limitation in this domain of functioning. (Tr. 13).

Plaintiff claims the ALJ erred in this determination, and she claims R.Y.E. has limitations in this domain due to a "dropped" left foot. ECF No. 8 at 18. Notably, Plaintiff relies upon her

8

testimony at the administrative hearing in this matter where she testified that R.Y.E.'s "left foot goes in and like twists in like that." (Tr. 27). Despite this testimony which indicates R.Y.E. has a left foot weakness, Plaintiff also testified that R.Y.E. is able to jump on a trampoline. (Tr. 26). Further, Plaintiff's preschool teacher at First Step found R.Y.E. had no limitation in this domain of functioning. (Tr. 141). Thus, this Court finds the ALJ's determination that R.Y.E. had a less than marked limitation in this domain of functioning is supported by substantial evidence in the record.

### E.   Caring for Yourself

In this domain of functioning, the SSA considers how well the claimant maintains a healthy emotional and physical state. *See* 20 C.F.R. § 416.926a(k). Factors to consider include how well the claimant gets his or her physical and emotional wants and needs met in appropriate ways, how the claimant copes with stress and changes in his or her environment, and whether the claimant takes care of his or her own health, possessions, and living area. *Id.* The ALJ determined R.Y.E. had no limitation in this domain of functioning. (Tr. 14).

Plaintiff claims the ALJ erred in this determination. ECF No. 8 at 19. Plaintiff relies upon her testimony at the administrative hearing to support this claim. *Id.* During this hearing, she testified R.Y.E. cannot care for herself (cannot bathe herself, cannot put her clothes on, and cannot wipe her own bottom). *Id.* R.Y.E.'s preschool teacher, however, found R.Y.E. had either "no problem" or only a "slight problem" in this domain. (Tr. 142). She stated her limitations in this domain were "[n]ot that big of a problem, sometimes she may need prompts or reminders to express needs." *Id.* Thus, this Court finds substantial evidence supports the ALJ's determination regarding this domain.

### F.   Health and Physical Well-Being

In this domain of functioning, the SSA considers the cumulative physical effects of the

claimant's physical or mental impairments and their associated treatments or therapies on that claimant's functioning. *See* 20 C.F.R. § 416.926a(l). The ALJ determined R.Y.E. had no limitation in this domain of functioning. (Tr. 14). Plaintiff claims R.Y.E. is limited in this domain but does not provide any specific argument or authority on this issue. ECF No. 8 at 19.

Upon review of the transcript, R.Y.E.'s preschool teacher reported R.Y.E. did not have any medical conditions, did not take any medications, and did not frequently miss school due to illnesses. (Tr. 14, 143). R.Y.E.'s pediatric records also do not indicate marked or extreme limitations in this domain. Instead, they reveal R.Y.E. primarily received only routine treatment for minor problems. (Tr. 122-129, 165-169, 193-194, 202-211). Accordingly, based upon this information, this Court finds the ALJ's determination regarding this domain of functioning is supported by substantial evidence in the record.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of R.Y.E., is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **16th day of December, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE